UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO. 07-0163

STERLING PIPKINS                                  SECTION "K"


ORDER AND OPINION

Before the Court is Sterling Pipkins' motion for clarification and amendment of his federal prison sentence. Having reviewed the pleadings, memoranda, and relevant law, it is clear that the movant is not entitled to relief. Accordingly, the motion is GRANTED.

I.  BACKGROUND

State prisoner Sterling Pipkins was arrested in January 2007 for possession of a firearm and thereafter detained in Orleans Parish Prison. In May 2007, while Pipkins was still in state custody, a federal grand jury indicted him for violations of the Federal Gun Control Act. Pipkins remained in state custody throughout the federal proceedings. In October 2008, after Pipkins pleaded guilty to the federal gun charge, this Court sentenced him to a 50 month term of imprisonment.

Subsequently, in March 2009, Pipkins pleaded guilty to state firearm charges arising out of the same incident. The Orleans Parish Criminal District Court sentenced Pipkins to seven and one half years of hard labor. Although this Court did not specify whether Pipkins would serve his federal sentence concurrently or consecutively to any later-imposed state sentence, the state court's judgement provided that the two terms would be served concurrently.

Prior to filing the instant motion, Pipkins discovered through his custodian that there was

1

a pending federal detainer against him for the 50 month term of imprisonment imposed by this Court . Pipkins now asks the Court (1) to grant credit against his federal prison term for time served in state custody prior to his October 2008 sentencing, and (2) to order that the federal and state terms be served concurrently, rather than consecutively.

**II.    LAW AND ANALYSIS**

   *A.    The Timeliness of Pipkins' Motion*

Although Pipkins purports to bring his "motion for clarification and amendment of sentence" pursuant to 18 U.S.C. § 3584, the Court must construe it as arising under 28 U.S.C. § 2241. *U.S. v. Melbert*, 410 Fed.Appx. 750, 752 (5th Cir. 2010) (unpublished) ("Insofar as Melbert is challenging the manner in which his sentence is being executed and he is seeking credit on his federal sentence for prior custody, his motion was properly construed by the district court as arising under 28 U.S.C. § 2241."). However, unlike § 2554 habeas petitions, which are governed by the ADEA, § 2241 petitions have no statute of limitations. *Hartfield v. Quarterman*, 603 F. Supp. 2d 943, 948 (S.D. Tex. 2009) (citing *Day v. McDonough*, 547 U.S. 198, 202 n. 1, 126 S.Ct. 1675 (2006)). Therefore, regardless of when Pipkins discovered the open federal detainer, there is no limitations period barring his § 2241 motion.

   *B.    Prior Custody Credits*

Issues regarding prior custody credit are governed by 18 U.S.C. § 3585. Under §3585(b), a prisoner may receive credit against his federal prison term for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). Thus, if the period from Pipkins' January 2007 arrest to his October 2008 federal sentencing has already been counted

toward his state prison term, he is not entitled to "double credit" for that time.

However, only the Attorney General, through the Bureau of Prisons (BOP), may compute a prisoner's credits. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *United States v. Wilson*, 503 U.S. 329, 334–35, 112 S.Ct. 1351 (1992)). "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Id*. But until the BOP makes a final determination with respect to the prisoner's credits, there is no case or controversy ripe for judicial review. *Id*. Therefore, Pipkins must exhaust his administrative remedies before challenging his prior custody credits under § 2241.[1]

    C.    *Consecutive Federal and State Sentences*

Pipkins seeks an order that his federal and state sentences run concurrently. The Court has reviewed the recording of the Pipkin's sentencing hearing. During that hearing the Court questioned defendant's counsel concerning the pending state charge. It is clear from that recording that the Court intended for Pipkin's federal sentence to run concurrent with the not yet imposed sentence on the state conviction. However, when actually imposing sentence on Pipkins the Court inadvertently neglected to specify that the federal sentence should run concurrent with the sentence imposed in the state court proceeding. As it was always the Court's intent to impose a concurrent sentence, the Court hereby grants Pipkin's motion and orders that the sentence imposed by this Court on October 1, 2008 run concurrent with the sentence imposed

---

[1]Pipkins' motion states that "without Clarification from this Court, the custodian will not correct their records regarding this sentence," but is silent as to whether he has requested a nunc pro tunc order from the BOP. *See* Doc. 37 at 1.

by the state court in Orleans Parish Criminal District Court Case No. 469-510.  Accordingly,

    **IT IS ORDERED** that defendant's motion is GRANTED;

    **IT IS FURTHER ORDERED** that the Judgment entered October 1, 2008, be amended to reflect that the federal sentence is to run concurrent with any sentence imposed by Orleans Parish Criminal District Court Case No. 469-510.

    New Orleans, Louisiana, this 26th day of March, 2012

                                                  STANWOOD R. DUVAL, JR.
                                                UNITED STATES DISTRICT JUDGE